IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHANIEL LEKAI HART, :

Plaintiff, :

v. : Civil Action No. GLR-15-2056

BOBBY SHEARIN, et al., :

Defendants. :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on pro se Plaintiff Nathaniel Lekai Hart's Motion for Leave to File an Amended Complaint (ECF No. 16). Also pending before the Court are three motions from Defendants: (1) Bobby Shearin's, former Warden at North Branch Correctional Institution ("NBCI"), Keith Arnold's, Former Chief of Security at NBCI, and Correctional Officer Sergeant Gregory Forney's (collectively the "State Defendants") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 12); Wexford Health Sources, Inc.'s ("Wexford") Motion to Dismiss (ECF No. 14); and (3) Kristi Cortez, R.N.'s ("Nurse Cortez") and Colin Ottey, M.D.'s (Dr. Ottey") (collectively the "Medical Defendants") Motion to Dismiss (ECF No. 21). Having considered the Motions and supporting documents, the Court finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Court will grant Defendants' Motions and grant in part and deny without prejudice in part Hart's Motion.

## I. BACKGROUND

### A. Hart's Allegations

Hart, who is an inmate in the custody of the Maryland Division of Correction, is incarcerated at NBCI. Hart alleges Defendants failed to protect him from a serious risk of harm

by housing him with a cellmate, Donte Green, who was infected with Hepatitis C. (ECF No. 1). Hart asserts he was exposed to the virus because he was bitten numerous times by Green in November 2013. (Id.). Hart maintains "prison officials should have never housed an infected person together with a non-infectious person." (Id. at 3). He seeks $2 million in damages. (Id.).

**B. Medical and Institutional Records**

The State Defendants have filed verified and uncontroverted copies of Hart's institutional and medical records. Hart described the alleged assault in an Inmate Statement (ECF No. 12-4). According to his Statement, Hart was exercising when Green physically interfered with Hart's movement. (Id.). Hart asked Green to move so that he could continue exercising, but Green refused. (Id.). Green then charged at Hart and attacked him by repeatedly punching, biting, and choking him. (Id.). Hart sustained multiple bite marks, abrasions, and a chipped tooth. (Id.).

Nurse Cortez treated Hart for his injuries on November 7, 2013. (ECF No. 12-7). Hart reported to Nurse Cortez that five days prior, his cell mate choked him, bit him multiple times, and stabbed him with a pen. (Id.). Cortez observed superficial scratches on Hart's left middle finger, one bite on his right wrist, two bites on his right inner thigh near the groin, and a chipped tooth. (Id.). The bite wounds were scabbed over and were healing well. (Id.). Cortez indicated she would refer Hart for further medical evaluation and a dental assessment. (Id.). Hart was tested for Hepatitis C on December 16, 2013; the results were negative. (ECF No. 12-9).

**C. Procedural History**

Hart filed his Complaint on July 13, 2015. (ECF No. 1). The State Defendants filed their unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on December 1, 2015 (ECF No. 12), and Wexford filed its unopposed Motion to Dismiss on December 20, 2015 (ECF No. 14). Hart filed his unopposed Motion for Leave to File an

Amended Complaint on December 24, 2015. (ECF No. 16). Finally, the Medical Defendants filed their unopposed[1] Motion to Dismiss on March 31, 2016. (ECF No. 21).

## II. DISCUSSION

### A. Eighth Amendment Standard

Although Hart does not identify any specific causes of action, the Court will construe his Complaint as raising a § 1983 claim for violation of the Eighth Amendment to the United States Constitution stemming from Defendants' failure to protect Hart from violence committed by his cellmate. See Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (explaining that the Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners).

To establish an Eighth Amendment violation based on the failure to prevent harm to a prisoner, the prisoner must demonstrate two elements: (1) the prisoner "is incarcerated under conditions posing a substantial risk of serious harm;" and (2) a prison official acted in "deliberate indifference" to the substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A court assesses the first element using an objective standard and the second using a subjective standard. See id. at 834, 837. A prison official acts in deliberate indifference when he has actual knowledge that a prisoner "faces[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Constructive knowledge will not suffice—"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

[1] In accordance with Roseboro v. Garrison, 528 F.2d. 309 (4th Cir. 1975), the Court notified Hart that he had the right to file opposition memorandums with supporting materials in response to Defendants' three pending Motions. (ECF Nos. 13, 15, 22). The deadlines have passed and the Court has no record that Hart filed any responses.

**B. Hart's Motion for Leave to an Amended Complaint**

**1. Standard of Review**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" to file an amended complaint "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). An amendment would be futile if it would fail to survive a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

Hart seeks to amend his Complaint by removing Sergeant Forney as a Defendant. He also moves to add the following as defendants: B. Ziller, Acting Chief Psychologist, N. Holwager, L. Moulden, and "every staff member who was working with Donte Green and knew about his mental health issues at NBCI." (ECF No. 16 at 1). Finding no prejudice, bad faith, or futility, the Court will grant Hart's Motion as to his request to remove Sergeant Forney as a Defendant.

As for Hart's request to add defendants, Hart includes no allegations as to how the individuals he identifies were involved in his alleged constitutional deprivation. As such, Hart's amended complaint merely naming these individuals as defendants would not survive a Rule 12(b)(6) motion to dismiss because it would not state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (explaining that in order to survive a Rule 12(b)(6) motion to dismiss, a complaint must state a plausible claim for relief). Accordingly, amending Hart's complaint to add the defendants he

identifies would be futile and the Court will deny his Motion as to this request. The Court, however, will deny his Motion without prejudice to afford Hart the opportunity to raise claims against those individuals in a separate complaint.

**C. Motions to Dismiss**

**1. Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 555 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth

v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**2. Analysis**

**a. Wexford's Motion**

Wexford is a private corporation that provides health care services to inmates in Maryland state correctional facilities pursuant to contract with the State of Maryland. (ECF No. 14). Wexford argues the Complaint fails to state a claim upon which relief can be granted because Hart makes no allegations against Wexford. (Id.). The Court agrees. Additionally, to the extent Hart intends to hold Wexford liable for the actions of its employees—the Medical Defendants—the doctrine of respondeat superior does not apply to § 1983 claims. See Monell v. N.Y. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Love–Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Moreover, Hart presents no allegations sufficient to support a claim for supervisory liability. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (outlining elements of supervisory liability). Accordingly, the Court will grant Wexford's Motion.

**b. The Medical Defendants' Motion**

Hart does not allege how the Medical Defendants were involved in his alleged constitutional deprivation.[2] Furthermore, insofar as Hart intends to hold Dr. Ottey liable as a

---

[2] On July 13, 2015, the Court granted Hart twenty-eight days to supplement the Complaint. (ECF No. 3). The Court directed Hart to plead facts specifying how each named Defendant was involved in or responsible for the incident. Specifically, the Court directed Hart to provide facts tending to show that each Defendant was aware of a substantial risk of serious

supervisor, he alleges no facts supporting supervisor liability. Accordingly, the Court finds Hart fails to a state plausible claim for relief and will grant the Medical Defendants' Motion.

## D. The State Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment

### 1. Standard of Review

The State Defendants style their Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd sub nom., Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md., 684 F.3d 462 (4th Cir. 2012). Under Rule 12(d), when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion. First, that the "parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment" and second, "that the parties first 'be afforded a reasonable opportunity for discovery.'" Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013) (quoting Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)).

When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005). "[T]he party opposing summary judgment 'cannot complain

---

harm to his person but was deliberately indifferent to the risk. To date, the Court has no record that Hart provided responsive information.

that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). Rule 56(d) provides that the Court may deny or continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "[T]he failure to file an affidavit under Rule 56[(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)).

Here, the State Defendants caption their Motion in the alternative for summary judgment and attach matters beyond Hart's Complaint for the Court's consideration. Furthemore, Hart has not submitted a Rule 56(d) affidavit expressing a need for discovery. Accordingly, the Court will treat the State Defendants' Motion as one for summary judgment.

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Once a motion for summary judgment is properly made and

supported, the nonmovant has the burden of showing that a genuine dispute of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248.

**2. Analysis**

The Court finds Hart fails to produce any evidence, let alone make any allegations, the State Defendants exhibited deliberate indifference. Hart neither produces evidence nor alleges that the State Defendants knew of, much less disregarded a substantial risk to Hart's health and safety. There is no evidence the State Defendants were aware Green was infected with Hepatitis C, posed a threat or risk of harm to Hart, or was likely to attack Hart. Most importantly, Hart produces no evidence he notified the State Defendants that he was concerned Green posed a risk of harm to him or had threatened to attack him. Accordingly, the Court finds no genuine dispute of material fact and will grant the State Defendants' Motion.

## III. CONCLUSION

For the foregoing reasons, the Court will GRANT in part and DENY without prejudice in part Hart's Motion for Leave to File an Amended Complaint (ECF No. 16). The Court will also

GRANT the State Defendants' Motion for Summary Judgment (ECF No. 12), Wexford's Motion to Dismiss (ECF No. 14), and the Medical Defendants' Motion to Dismiss (ECF No. 21). The Court will direct the Clerk to CLOSE this case. A separate Order follows.

Entered this 24th day of June, 2016.

/s/
_____________________________
George L. Russell, III
United States District Judge